IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

LARRY CHARLES BARNES,              )
                                   )
         Petitioner,               )
                                   )
vs.                                )     Case No. 07-CV-108-GKF-PJC
                                   )
RANDALL WORKMAN, Warden;           )
                                   )
         Respondent.               )

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus proceeding. In response to the petition, Respondent filed a motion to dismiss the petition as barred by the statute of limitations (Dkt. # 11) along with a brief in support (Dkt. # 12). Petitioner, appearing *pro se*, filed a response to the motion to dismiss (Dkt. # 17). For the reasons discussed below, the Court finds that the petition for writ of habeas corpus was not filed before expiration of the one-year limitations period. As a result, Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

### *BACKGROUND*

The record before the Court reflects that Petitioner was convicted by a jury of Murder in the Second Degree -- During the Commission of a Felony, in Nowata County District Court, Case No. CF-1995-71. See Dkt. # 2. On July 29, 1996, Petitioner was sentenced to fifty (50) years imprisonment.

Petitioner, represented by Thomas Purcell, perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). On September 9, 1997, in Case No. F-96-940, the OCCA affirmed Petitioner's conviction. See Dkt. # 12, Ex. 1. Nothing in the record suggests Petitioner filed a

petition for writ of *certiorari* in the United States Supreme Court.

At some point in time after the OCCA affirmed his conviction on direct appeal, Petitioner hired attorney Johnie O'Neal to pursue post-conviction relief. Petitioner has provided copies of notes of banking records, bearing the name "Linda L. Elledge" of Nowata, OK, reflecting payments to Johnie O'Neal as early as July 6, 1998. Almost seven (7) years passed, however, before attorney O'Neal filed an application for post-conviction relief in the state district court on April 4, 2005. See Dkt. # 12, Ex. 2. The district court denied post-conviction relief by order filed on June 24, 2005, based on Mr. O'Neal's failure to appear. Thereafter, the state district court set aside the order and, on October 24, 2005, again entered an order denying Petitioner's application for post-conviction relief after hearing argument by Mr. O'Neal. Id. After entry of the order on October 24, 2005, Petitioner filed a post-conviction appeal in the OCCA. However, by order filed December 8, 2005, in Case No. PC-05-1147, the post-conviction appeal was dismissed as improperly filed. See Dkt. # 12, Ex. 3.

On March 20, 2006, Petitioner, appearing *pro se*, filed a second application for post-conviction relief seeking a post-conviction appeal out of time. See Dkt. # 12, Ex. 2. By order filed August 18, 2006, the district court recommended that Petitioner be granted a post-conviction appeal out of time. On January 4, 2007, in Case No. PC-2006-1004, the OCCA granted a post-conviction appeal out of time, but affirmed the denial of post-conviction relief. See Dkt. # 12, Ex. 4.

Petitioner commenced federal habeas corpus proceedings by filing his petition on February 16, 2007. See Dkt. # 1. Respondent argues that consideration of Petitioner's claims is precluded by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. # 12.

2

*ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, Petitioner's conviction became final on December 8, 1997, after the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on December 8, 1997, and, absent a tolling event, a federal petition for writ of habeas corpus filed after December 8, 1998, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Pursuant to § 2244(d)(2), the limitations period was suspended during the time Petitioner had "a properly filed application for State post-conviction or other collateral review" pending in the state

courts. Respondent argues that Petitioner is not entitled to statutory tolling as a result of the filing of the applications for post-conviction relief. The first application was not filed until April 4, 2005, or more than six (6) years after the limitations period expired on December 8, 1998. The second application was filed on March 20, 2006, or more than seven (7) years after expiration of the limitations period. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, Petitioner's federal habeas petition, filed on February 16, 2007, appears to be untimely and should be dismissed unless Petitioner demonstrates entitlement to other statutory or equitable tolling of the limitations period.

Section 2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling applies only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Petitioner has the duty to pursue his federal claims with reasonable diligence and must demonstrate "that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); see also Miller, 141 F.3d at 978. In general, attorney error is not a basis for equitable tolling because "[t]here is no constitutional right to an attorney in state post-conviction proceedings." Coleman v. Thompson, 501 U.S. 722, 752 (1991). "The rationale is that attorney negligence is not extraordinary and clients, even if incarcerated, must vigilantly oversee, and ultimately bear responsibility for, their attorneys' actions or failures." Modrowski v. Mote, 322 F.3d 965, 968 (7th Cir. 2003) (internal citations omitted); see also Merritt v. Blaine, 326 F.3d 157, 169 (3d Cir. 2003) (applying general rule that "attorney error, miscalculation, inadequate research, or other mistakes

have not been found to rise to the extraordinary circumstances required for equitable tolling") (internal citations omitted); Rouse v. Lee, 339 F.3d 238, 248 (4th Cir. 2003) ("a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding") (internal citations omitted); United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005) ("Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance [with respect to equitable tolling]"). Significantly, however, the Tenth Circuit Court of Appeals has held that "sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the AEDPA limitations period." Fleming v. Evans, 481 F.3d 1249, 1256 (10th Cir. 2007).

In this case, Petitioner argues that he is entitled to equitable tolling of the limitations period because he diligently pursued his claims and the failure to file his petition within the one-year limitations period was caused by circumstances beyond his control, namely, extraordinary delay attributable to the conduct of his post-conviction attorney, Johnie O'Neal. See Dkt. # 17. In support of his argument, Petitioner provides evidence reflecting a pattern of egregious misconduct by Mr. O'Neal. First, he provides copies of 26 letters from Mr. O'Neal spanning a period of more than six (6) years. (Dkt. # 17, Ex. A). Petitioner has also provided a copy of one letter, dated December 6, 1999, that he wrote to Mr. O'Neal expressing his frustration with the lack of progress and lack of communication. In addition to the letters, Petitioner provides copies of bank records with handwritten notations reflecting payment of $1,000 to Johnie O'Neal on July 6, 1998, payment of $1,500 to Johnie O'Neal on September 18, 1998, and payment of $1,500 to Johnie O'Neal on November 10, 1998. See Dkt. # 17, Ex. E. The Court notes that several of the letters from O'Neal

to Petitioner reference "Linda" and Petitioner's "sister" who was apparently paying the legal fees. The bank records bear the name "Linda L. Elledge" and a Nowata address. Petitioner also provides evidence that by order filed March 13, 2007, the Oklahoma Supreme Court approved Mr. O'Neal's resignation from the Oklahoma Bar Association pending disciplinary proceedings. See Dkt. # 17, Exs. B and C. Mr. O'Neal's conduct giving rise to his resignation, as set forth in the Oklahoma Supreme Court's order, occurred during the same time period and mirrors the conduct involved in the instant case. (Dkt. # 17, Ex. C). Lastly, Petitioner provides a copy of the docket sheet for Nowata County District Court, Case No. CF-95-71, reflecting that Mr. O'Neal failed to appear for proceedings on Petitioner's application for post-conviction relief, and that the application was denied on June 24, 2005, as a result of Mr. O'Neal's failure to appear. See Dkt. # 17, Ex. D.

The Court finds that Petitioner has provided evidence of extraordinary circumstances in the form of "egregious misconduct" by his attorney for failing to file promptly his application for post-conviction relief. Mr. O'Neal's poor representation evidenced by his litany of excuses for the delay, his repeated requests for additional payment in spite of the inordinate delay, and his failure to make scheduled court appearances is inexcusable. "The presence of extraordinary circumstances is not enough, however, to justify the application of equitable tolling. A petitioner must also show that he acted with reasonable diligence, and that the extraordinary circumstances caused his petition to be untimely." Baldayaque v. United States, 338 F.3d 145, 153 (2d Cir. 2003); see also Marsh, 223 F.3d at 1220. As indicated above, Petitioner is responsible, despite his incarceration, for insuring diligent pursuit of his habeas claims and compliance with filing requirements, including the one-year limitations period. The delay of seven (7) years in this case does not reflect reasonable diligence by Petitioner. Significantly, the federal limitations period had already expired a year before Petitioner

wrote to Mr. O'Neal on December 6, 1999, demanding to be informed of his options. Even if the Court found that Petitioner had exercised diligence during the first few years of his relationship with Mr. O'Neal,[1] nothing in the record provided by Petitioner in support of his claim for equitable tolling reflects any contact between Petitioner and Mr. O'Neal from August 15, 2002, to June 11, 2004, a period of almost 22 months.[2] The extended passage of time in this case simply does not support a finding of reasonable diligence by Petitioner. Therefore, Petitioner is not entitled to equitable tolling despite the dilatoriness of his post-conviction attorney.

## *CONCLUSION*

Petitioner filed his petition on February 16, 2007, or more than eight (8) years after expiration of the one-year limitations period. Petitioner is not entitled to equitable or statutory tolling. Therefore, the Court concludes that the petition is time-barred and Respondent's motion to dismiss shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

---

[1] Petitioner has provided copies of twenty (20) letters from Mr. O'Neal dated between May of 1999 and August of 2002. In those letters, Mr. O'Neal offered repeated reassurances that work on the post-conviction application was proceeding, the pleading would be filed soon, and that "it will be worth the wait." See Dkt. # 17, Ex. A. Only three (3) letters provided by Petitioner were written during the three (3) year period between August of 2002, and the conclusion of proceedings on the first application for post-conviction relief in December of 2005. While Petitioner's failure to act on his federal claims through August of 2002 could be understandable in light of the reassurances from Mr. O'Neal, formerly Tulsa County's chief public defender, the dramatic decline in the level of communication between Petitioner and Mr. O'Neal after 2002 does not support a finding that Petitioner diligently pursued his federal claims.

[2] The Court recognizes that the record contains a letter from Mr. O'Neal to Petitioner, dated "2/18/03." See Dkt. # 17, Ex. A. The text of the letter, however, references the hearing to be held in Nowata County District Court on August 19, 2005, on Petitioner's motion to set aside the June 24, 2005, order denying post-conviction relief as a result of Mr. O'Neal's failure to appear. The Court concludes, therefore, that the "2/18/03" date is erroneous and that the letter was actually written sometime in July 2005.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 11) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

**DATED** this 11th day of January, 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma